# United States Bankruptcy Court
## District of Delaware
824 N. Market Street
Wilmington, DE  19801

JUDGE BRENDAN LINEHAN SHANNON

824 MARKET STREET
WILMINGTON, DE 19801
(302) 252-2915

November 2, 2012

Bradley S. Eaby, Esquire
The Eaby Firm, LLC
99 Wolf Creek Boulevard, Suite 3
Dover, DE 19901

Gerry Gray, Esquire
P.O. Box 549
Georgetown, DE 19947

Re:  In re: Joseph L. Albani and Donna W. Albani, Case No.  09-11912 (BLS)
     Neff v. Albani, Adv. Pro. No.  09-52211 (BLS)

Dear Counsel:

This letter constitutes the Court's findings of fact and conclusions of law following a trial on the merits of the above-referenced adversary proceeding Complaint held on October 24, 2012.[1]  For the reasons set forth below, I will enter judgment on the Complaint in favor of the Defendant, deny the Plaintiff's request for denial of discharge, and grant the Debtors' request for a discharge.

The relevant facts are not in material dispute.  The Debtors filed their Chapter 7 petition on June 1, 2009.  Debtors were represented by counsel in connection with this filing.

Pursuant to a 1997 divorce decree, Debtor Donna Albani is the payee on a note (the "Note") in the original amount of $300,000, payable by her ex-husband in the amount of $1,000 per month for 25 years.  At the time of the commencement of this case, there was approximately $154,000 outstanding under the Note.

The Debtors identified proceeds or income derived from the Note in their Statement of Financial Affairs; however, the Note was characterized as "child support," a designation that would have the likely effect of placing the Note out of the reach of the Debtors' creditors.  The Note was not listed on Schedule B.  The record reflects that the Debtors timely provided their counsel, and the Chapter 7 Trustee, with a copy of the Note and the underlying 40-page 1997 divorce decree.[2]  At the Section 341 meeting, the Chapter 7 Trustee examined the Debtors regarding the Note.

---

[1] The parties concede that this Court possesses jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and that this is a core matter pursuant to 28 U.S.C. § 157(b)(2)(A) and (J).  Venue is proper pursuant to 28 U.S.C. § 1409.

[2] The Note and the 1997 divorce decree have been admitted into evidence as Plaintiff's Exhibit A.

Following the Section 341 meeting, the Chapter 7 Trustee took the position that the Note was neither child support (as both of Ms. Albani's children were presently over 18) nor alimony, such that the proceeds of the Note should be turned over to the Trustee for distribution to creditors. On August 27, 2010, the Chapter 7 Trustee commenced a turnover action [Adv. Pro. No. 10-52907] to recover upon the Note. That litigation was contested initially by the Debtors and was ultimately settled pursuant to a Settlement Agreement dated December 19, 2011. The settlement provided that the ongoing payment stream under the Note would be treated as property of the estate, for the benefit of the Debtors' creditors. The record developed at trial reflects that substantial distributions on allowed creditor claims have been made, and are ongoing.

Plaintiff John Neff commenced this adversary proceeding on September 21, 2009. At bottom, Mr. Neff's Complaint alleges that the Debtors deliberately and fraudulently concealed or mischaracterized the Note in an unlawful effort to keep the proceeds of the Note for themselves. As evidence of their intent, Plaintiff points to the Debtors' own filings, which mischaracterize the Note as "child support" and fail to list it on Schedule B amongst the Debtors' other assets. As a remedy for this alleged willful concealment by the Debtors, the Plaintiff asks that this Court deny the Debtors their discharge pursuant to 11 U.S.C. § 727(a)(2) and (a)(4). In their defense, Debtors submit that the question of whether and where to identify the Note in their bankruptcy filings was entrusted originally to their counsel, and that they signed the petition and related materials in reliance upon their belief that the documents were properly and accurately filled out by their counsel.

At trial the Court had the opportunity to hear live testimony from both of the Debtors, and from the Plaintiff. Each of the witnesses was credible and candid.

The basic inquiry before the Court is thus whether the Debtors' failure to accurately include and describe the Note on their schedules is evidence of the bad faith or intent to defraud the Court and creditors, such that the Debtors should be denied their discharge. The next, and related, inquiry is whether the Debtors' stated reliance upon their counsel in determining how to schedule the Note insulates them from liability to the extent that the asset was improperly scheduled or listed.

Parties seeking to deny discharge under 727(a)(2) and (a)(4) must demonstrate that the debtor actually intended to defraud creditors. The burden of proof, by a preponderance of the evidence, is on the party challenging the discharge. Fed. R. Bankr. P. 4005. Revocation is "an extreme penalty," and the applicable Code provisions should be "construed strictly" against the challenger and liberally in favor of the debtor. *In re Moon,* 385 B.R. 541 (Bankr. S.D.N.Y. 2008).

Case law teaches that if items are omitted in good faith upon advice of counsel, to whom debtor had disclosed all relevant facts, the declaration will not be deemed willfully false, and the discharge should not be denied. *See In re Dubrowsky*, 244 B.R. 560 (Bankr. E.D.N.Y. 2000); *In re Cornelius*, 333 B.R. 850 (Bankr. N.D. Fl. 2005); *In re Mascolo,* 505 F.2d 274, 277 (1st Cir. 1974) (explanation that debtor acted on advice of counsel, and counsel was made fully aware of all relevant facts, generally rebuts inference of fraud).

Courts have consistently held that this inquiry goes to the debtor's subjective intent to defraud or conceal. *In re Kelly*, 135 B.R. 459 (Bankr. S.D.N.Y. 1992). In *Kelly*, the trustee sought to deny a debtor's discharge where several vehicles owned by the debtor were not disclosed. The court found that the trustee had not demonstrated grounds for the requested penalty of denial of discharge, notwithstanding that the debtor lied about the vehicles to the trustee at the Section 341 meeting:

> At trial, the court has the opportunity to observe the debtor's demeanor and assess his credibility. Although a debtor's education and business experience are factors to consider in determining whether he can appreciate what information must be disclosed, this debtor's misunderstanding of information to be set forth on his schedules is wholly believable. In no way do I condone Kelly's carelessness and his knowing denial of ownership of the automobiles. Nonetheless, I cannot find that he intended nor that the Trustee has proven, even by a preponderance of the evidence, that he made false statements with specific intent to deceive or such reckless indifference as to constitute actual fraud.

*In re Kelly*, 135 B.R. at 463.

In the present case, the record reflects, and the Court finds and concludes, that the Debtors reasonably relied on their counsel to prepare their bankruptcy petition and related papers. The Debtors engaged seasoned and able counsel, and the Debtors testified that they provided their attorney with a copy of the Note, the 1997 divorce decree and "a stack" of other financial documents and materials in the lead-up to their bankruptcy filing. Debtors testified that they briefly reviewed the pleadings sent to them for signature. Those documents, as noted above, listed the Note as "child support." From a review of the documents admitted into evidence, the Court surmises that Debtors' counsel may have based his determination upon the provisions of paragraph 10, page 31 of the 1997 divorce decree which describe the payments under the Note as "to be paid in the form of alimony, maintenance and support." Regardless, the record reflects that the Debtors properly and fully disclosed necessary information to their counsel, and they testified truthfully at the Section 341 meeting when examined by the Trustee. There is nothing in the record to support the contention that they were aware the filings were incorrect or incomplete.[3]

Based upon the record developed at trial, the Court enters judgment in favor of the Debtors/Defendants, and the Debtors' discharge shall issue. Counsel for the parties will confer and promptly submit a form of order memorializing the Court's ruling and providing for closing of this adversary proceeding.

Very truly yours,

Brendan Linehan Shannon

BLS/jmw

---

[3] The Plaintiff has requested that this Court make adverse inference against the Debtors on account of their failure to respond to Plaintiff's discovery requests for production of the Debtors' tax returns going back numerous years. The Court first notes that the decision whether to make an adverse inference is left to the sound discretion of the trial court. For several reasons, the Court respectfully declines to make the requested adverse inference, although it does find Debtors' dilatory and incomplete responses to discovery requests troubling. Nevertheless, the record reflects that the Debtors were proceeding on a pro se basis through the pre-trial stages of this adversary proceeding and that they did in fact execute certain forms that would have enabled Plaintiff to directly obtain the returns from the IRS. Further, the Debtors testified that their returns were kept in a storage facility in Delaware, while they have been living in Texas in recent years. The testimony adduced at trial indicates that the Debtors did not return to Delaware until briefly before trial to sell their stored furniture and clothing to raise the funds necessary to retain counsel. Finally, and most importantly, an adverse inference would have relatively little impact on this proceeding: even were the Court to rule that the Debtors had listed the Note on prior tax returns as something other than alimony or support, that would not dispose of the question of whether the Debtors had reasonably relied on their counsel's preparation of their bankruptcy papers. The request for an adverse inference is therefore denied.